**PEOPLE VERSUS PORN (Profit of Richard Nixon), a Non-Profit Corporation, J. T. Anderson and Madge Van Horn, Plaintiffs,**

v.

**Richard Milhous NIXON et al., Defendants.**

**No. C–78–1537.**

United States District Court, N. D. California.

Dec. 22, 1978.

---

William A. Jennings, A. Lee Sanders, San Jose, Cal., for plaintiffs.

David Elson, Murphy, Thorton, Hinerfeld & Cahill, Los Angeles, Cal., Herbert J. Miller, Jr., Miller, Cassiday, Larroca & Lewin, Washington, D. C., for defendants.

ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS

WOLLENBERG, District Judge.

Plaintiffs seek to recoup monies for federal taxpayers for certain federal expenditures on the so-called "Watergate" affair and from the profits Richard Milhous Nixon derived from certain books and speaking engagements based on this period of his Presidency. Plaintiffs' claim is based on the theory that, having taken the Presidential oath of office, United States Constitution, Article II, Section 1, Nixon became a trustee for the class of plaintiffs and that he breached the fiduciary obligations of a trustee, Cal.Civ.Code §§ 2222, et seq., by his "Watergate" related activities.

As diversity does not exist between the parties, federal court jurisdiction, if any, must be based on the existence of a federal question. Plaintiffs move to remand to state court on the grounds that the action arises out of the state law of trusts. However, since plaintiffs sue as a class of federal taxpayers to which a federal officer allegedly owed a fiduciary duty, the claim if any, arises out of the federal Constitution or laws, and the motion to remand to state court must be denied. 28 U.S.C. § 1441. Furthermore, this action raises the question of whether Nixon is entitled to immunity for actions taken under color of office, and this is an issue in which the federal branch has an interest. *Willingham v. Morgan,* 395 U.S. 402, 406–07, 98 S.Ct. 1813, 23 L.Ed.2d 396 (1968). Therefore, 28 U.S.C. § 1442(a)(1) also authorizes removal of this action to federal court.

This action cannot continue in this Court, though, because plaintiffs lack standing to sue for these claims. Taxpayers do not have standing to challenge generalized governmental policies, particularly when they do not even allege derogation of the taxing and spending powers of the Constitution. *United States v. Richardson,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *Schlesinger v. Reservists Committee To Stop The War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). *Cf. Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

ACCORDINGLY, IT IS HEREBY ORDERED that plaintiffs' motion to remand is DENIED;

IT IS FURTHER ORDERED that defendants' motion to dismiss is GRANTED.